FIFTH JUDICIAL DISTRICT COURT
COUNTY OF EDDY
STATE OF NEW MEXICO

2009 OCT -9 PM 1:24

ERIC ELLIS
DISTRICT COURT CLERK

FLOYD STEED,

    Plaintiff,

v.

Case No. CV-2009-676

ENDEAVOR ENERGY RESOURCES, LP,
Successor through merger to LCX ENERGY, LLC,

    Defendant.

## AMENDED SUIT FOR DAMAGES

COMES NOW, Floyd Steed through his attorney of record Marion J. Craig III P.C. (Marion J. Craig III), and files this action and in support states:

1. Floyd Steed is a resident of Eddy County, New Mexico.

2. The Property which is subject of this action, and which was damaged by the Defendant, is located in Eddy County, New Mexico and is described as:

TOWNSHIP 17S, RANGE 24E, N.M.P.M.

Section 11:    W1/2NW1/4

(the "Property").

3. LCX Energy, LLC, was a Foreign Limited Liability Company which was authorized to transact business in the State of New Mexico, and had in the State of New Mexico its registered agent for service of process, CT Corporation System, 123 East Marcy, Santa Fe, New Mexico 87501.

4. Endeavor Energy Resources, LP (a Texas Limited Partnership) is the successor, through merger to LCX Energy LLC, and transacts business in New Mexico,


EXHIBIT B

and operates a oil and was well on the property, or has failed to appoint a registered agent in New Mexico, but can be served c/o Michael A. Short, General Counsel, 110 Marienfeld, Suite 200, Midland, Texas 79701.

5. Venue and jurisdiction are proper in Eddy County, New Mexico.

## FACTS

6. LCX has entered upon and conducted drill activities on property owned by Plaintiff.

7. As part of the drilling activities, LCX has taken for its own benefit and purposes, property owned by Plaintiff Floyd Steed.

8. By reason of LCX's use and taking of surface property owned by Plaintiff, Plaintiff has been deprived of his property and the use of his property now and into the foreseeable future. This taking has resulted in damages to Plaintiff.

9. The use of Plaintiff's surface property has adversely affected the remaining portions of Plaintiff's property, and has damaged Plaintiff and his remaining property.

10. Defendant has not only used Plaintiff's land but has, by violating the rules and regulations of the State of New Mexico, taken and damaged other lands. Defendant is attempting to remedy its illegal activity, and has therefore rendered other portions of Plaintiff's property unusable, which has caused and will continue to cause damages. This temporary damage continues.

11. Prior to LCX's use of the property, Floyd Steed, along with his neighbors, had constructed a caliche and gravel road, which LCX has used without regard to the rights of Plaintiff and the others who constructed the road.

12. LCX by and through its company and/or its subcontractors, operators, and used Steed's private road to access their drilling location and the "clean up" activities it has been requested to perform.

13. The road was a good gravel caliche road. LCX has not adequately maintained the road and the road is now in much worse condition than prior to LCX's use.

14. Defendant has excessively used the road, greatly in excess of the reasonable use of said road. The excess use of the road is being used to remedy the negligent and illegal use of Plaintiff's property in violation of the rules and regulations of the State of New Mexico. This excessive use is causing further damage to Plaintiff and is creating a nuisance by reason of the excessive activities on Plaintiff's land and excessive truck traffic.

15. LCX has damaged Steed's road.

16. LCX has failed and refused to repair and keep the road in adequate repair, at least to the standards which existed prior to Defendant's use.

17. LCX has refused to pay any damages or compensation to Steed for the taking of Steed's property, damage to Plaintiff's property and use of his road.

18. At one time LCX tendered $10,000.00, on which it stopped payment.

19. LCX has willfully operated its lease and used Steed's road in disregard of the rights of the property owners, including Steed.

20. LCX has unreasonably and excessively and/or negligently used the surface estate of the Plaintiff, which all has resulted in damages to the Plaintiff. These damages are in addition to the other damages suffered by Plaintiff, and were caused directly, by

the negligent, excessive and unreasonable use of Plaintiff's surface and road, and by reason of Defendant's illegal violation of the rules and regulations of the State of New Mexico.

21. Continued use of the property, an excess of its reasonable use, has created a nuisance, has damaged the Plaintiff by the constant truck traffic and construction work on Plaintiff's property, which has detracted from Plaintiff's enjoyment of his property and continues to be a nuisance of his continued enjoyment of Plaintiff's own property.

22. Defendants intentional violation of the rules and regulations of the State of New Mexico, which continues to cause injury to Plaintiff's land, and has resulted in unreasonable and unnecessary use of Plaintiff's property and road, was willful and in conscious disregard of the rights of Plaintiff and of the duties and obligations of an oil operator in the State of New Mexico. As such, Plaintiff should recover punitive damages in an amount sufficient to deter Defendant from further activities and actions in the future.

WHEREFORE premises considered, Plaintiff prays that citation issue, and that upon final hearing: Plaintiff recover all damages to Plaintiff's property occasioned by Defendant's use; damages for the temporary use of certain portions of the property; damages to the remainder of Plaintiff's property by LCX's use; damages occasioned by the unreasonable, unnecessary and excessive use of Plaintiff's property and Plaintiff's road; damages to Plaintiff's road and continuing damages for future use of Plaintiff's road; cost of repairs and future repairs to Plaintiff's road; damages caused to Plaintiff by the unreasonable and unnecessary use of Plaintiff's property and the nuisance created thereby; punitive damages in an amount sufficient to deter future actions of the

Defendants in violation of the rules and regulations of the State of New Mexico; all costs of suit; and, such other and further relief to which Plaintiff may be entitled both at law and in equity.

Respectfully submitted:

MARION J. CRAIG III, P.C.

*/s/ Marion J. Craig III*
Marion J. Craig III
PO Box 1436
Roswell, New Mexico 88202-1436
575-622-1106

FIFTH JUDICIAL DISTRICT COURT
COUNTY OF EDDY
STATE OF NEW MEXICO

FLOYD STEED,

    Plaintiff,

v.                                               Case No. CV-2009-676

ENDEAVOR ENERGY RESOURCES, LP,
Successor through merger to LCX ENERGY, LLC,

    Defendant.

## ALIAS SUMMONS

TO:    Endeavor Energy Resources, LP, Successor through merger to LCX Energy, LLC
        c/o Michael A. Short, General Counsel
        110 Marienfeld, Ste. 200
        Midland, Texas 79701

Defendant(s), Greetings:

You are hereby directed to serve a pleading or motion in response to the Complaint within 30 days after service of the Summons, and file the same, all as provided by law.

You are notified that, unless you so serve and file a responsive pleading or motion, the Plaintiff will apply to the Court for the relief demanded in the Complaint.

Attorney for Plaintiff:   Marion J. Craig III
                                 P.O. Box 1436
                                 Roswell, NM 88202-1436.

WITNESS the Honorable __JANE SHULER GRAY__, District Judge of said Court of the State of New Mexico, and Seal of the District Court of said County, this 09 day of October, 2009.

(SEAL)                                                        ERIC ELLIS
                                                   CLERK OF THE DISTRICT COURT

                                                   By: _____
                                                         Deputy

USE NOTES

1. Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

2. If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

History

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007.]

STATE OF NEW MEXICO )
COUNTY OF _____ )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ County on the _____ day of _____, 2009, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:
(check one box and fill in appropriate blanks)

[✓] to the defendant _Tina Michael Short_ (used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint).
[ ] to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (used when service is by mail or commercial courier service).
After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:
[ ] to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (used when the defendant is not presently at place of abode) and by mailing by first class mail to the defendant at _____ (insert defendant's last known mailing address) a copy of the summons and complaint.
[ ] to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (insert defendant's business address) and by mailing the summons and complaint by first class mail to the defendant at _____ (insert defendant's last known mailing address).
[ ] to _____, an agent authorized to receive service of process for defendant _____.
[ ] to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (used when defendant is a minor or an incompetent person).
[ ] to _____ (name of person), _____, (title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision).

Fees: _____

10-14-09

Signature of person making service
_____
Title (if any)

Subscribed and sworn to before me this _____ day of _____, 2009

_____   _____
Judge, notary or other officer     My Commission Expires